THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern DIVISION
No. 4:25-CV-191-FL

| | |
|---|---|
| AMERESCO, INC.<br><br>Plaintiff/Counterclaim Defendant<br><br>v.<br><br>GOOD AIR, INC.<br><br>Defendant/Counterclaim Plaintiff<br><br>and<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | **REPORT OF THE PARTIES' PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on November 21, 2025 by Microsoft Teams:
    a. Ethan Sanders representing the Plaintiff/Counterclaim Defendant, Ameresco, Inc.
    b. David Adelstein, David Harris and Justin Paul, representing Defendant/Counterclaim Plaintiff, Good Air, Inc.
    c. David Harris and Richard Glenn, representing Defendant United Fire & Casualty Company.

2. Nature and Complexity of Case.
    a. Basis for Subject Matter Jurisdiction: 28 U.S.C. § 1332(a)(1) - complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

b. Complex Case given the number of documents, number of experts, dollar amounts the dispute.

c. Key Factual and Legal Issues:

(a) The Parties' performance of the Subcontracts, and alleged breaches thereof;

(b) The adequacy and completeness of Ameresco's design, including whether Ameresco, as the design-builder, omitted elements or information that should have been included;.

(c) Attribution of delays on the Project;

(d) Design issues related to the VRF system and equipment, including whether Ameresco's design required non-compliant or foreign-manufactured equipment and whether Ameresco's failure to obtain necessary approvals or waivers impacted procurement, installation, or sequencing;

(e) Use of allegedly defective equipment on the Project;

(f) Ameresco's issuance of default notices and its termination of Good Air, including whether Ameresco complied with the procedural and substantive requirements for termination, whether Good Air was constructively removed from the Project before formal termination, and whether Ameresco had any reasonable contractual basis to terminate for cause.

(g) Notice provided by the Parties regarding their obligations under the

Subcontracts and/or the Performance Bonds;

(h) The Parties' rights and obligations under the Performance Bonds, including: (i) whether Ameresco's alleged defaults under the Subcontracts bar recovery under the Bonds; (ii) whether Ameresco satisfied the Bond conditions; (iii) whether Ameresco improperly deprived the surety of its completion options; and

(i) The nature, cause, and allocation of alleged damages, including whether Ameresco's claimed cost-to-complete damages are recoverable, attributable to Good Air, impermissible betterment, or the result of Ameresco's design omissions, management decisions, or work by other trades.

d. <u>Damages Sought</u>:

(a) Plaintiff/Counterclaim Defendant Ameresco, Inc.: (1) Damages against Good Air in the amount of $12,244,652.72, consisting of $11,527,167.68 to repair defective work performed by Good Air, and $717,485.04 in liquidated damages; and (2) Damages against United Fire & Casualty under performance bonds issued for the benefit of Ameresco, in the amount of $12,244,652.72.

(b) Defendant/Counterclaim Plaintiff Good Air, Inc.: Damages against Ameresco in the amount of $215,606.73, consisting of $11,669.40 owed under Mechanical Subcontract Payment Application 18. $139,801.13 for unpaid retainage on the Mechanical Subcontract, and $64,136.20 for unpaid retainage on the Plumbing Subcontract.

(c) Defendant United Fire & Casualty Company: None.

3. Initial Disclosures. The parties will complete by December 5, 2025 the initial disclosures required.

by Rule 26(a)(1).

4. Discovery Plan. The parties propose this discovery plan:

   a. Complex Case Discovery Plan:

      (a) The parties expect that discovery will be needed on all of the key factual and legal issues identified in Section 2.b above.

      (b) Records Custodian Witnesses: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **August 28, 2026.** Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12)).

      (c) Discovery: Fact Discovery shall be completed no later than **September 25, 2026.** Expert depositions shall be completed by **October 30, 2026.** All discovery requests shall be served in time for the responses thereto to be served by this deadline. *De bene esse* depositions must be completed by discovery deadline.

      (d) Interrogatories: Pursuant to Fed. R. Civ. P. 33(a)(1), a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time for responding may be

stipulated to under Fed. R. Civ. P. Rule 29 or be ordered by the Court. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

(e) Requests for Production: A party may serve on any other party no more than 50 requests for production, including all discrete subparts. Leave to serve additional requests for production may be granted to the extent consistent with Rule 26(b)(1) and (2). Pursuant to Fed. R. Civ. P. 34(b)(2)(A), the party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time for responding may be stipulated to under Fed. R. Civ. P. Rule 29 or be ordered by the Court.

(f) Requests for Admission: A party may serve on any other party no more than 25 requests for admission, including all discrete subparts. Leave to serve additional requests for admission may be granted to the extent consistent with Rule 26(b)(1) and (2). Pursuant to Fed. R. Civ. P. 36(a)(3), a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Fed. R. Civ. P. Rule 29 or be ordered by the Court.

(g) The maximum number of depositions shall be no more than: each of the parties' experts, one (1) Fed. R. Civ. P. 30(b)(6) deposition per

party, and ten (10) fact witnesses per party. If either party believes additional fact witness depositions are necessary beyond that number and the parties are unable to reach agreement, the noticing party may then seek leave of court from the magistrate judge to take additional depositions.

(h) Pursuant to Fed. R. Civ. P. 30(d)(1), a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(i) Expert Witnesses: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:

Plaintiff/Counterclaim Defendant Ameresco, Inc.: **July 31, 2026.**

Defendant/Counterclaim Plaintiff Good Air, Inc.: **August 28, 2026.**

Defendant United Fire & Casualty Company: **August 28, 2026.**

(j) Supplemental Rule 26(e) Disclosures: Parties shall file and serve supplemental Rule 26(e) disclosures no later than **October 2, 2026.**

(k) The parties contemplate that they will negotiate a consent protective order governing the disclosure, discovery, or preservation of

electronically stored information, in addition to claims of privilege and confidentiality, including the form or forms in which documents should be produced.

5. Other Items:

(a) Magistrate Judge: The parties agree that the Magistrate Judge will only hear discovery motions.

(b) A date if the parties ask to meet with the court before a scheduling order. Not applicable, as the parties agree on all deadlines.

(c) Pretrial Conferences: The parties do not foresee the need for pretrial conferences at this time. Pretrial conferences shall be subject to the Court's discretion.

(d) Amendment of Pleadings: Motions to join other parties and amend the pleadings shall be filed no later than **May 1, 2026**.

(e) Dispositive Motions and Daubert Motions: All dispositive motions and Daubert motions shall be filed on or before **December 4, 2026.**

(f) Prospects of Settlement: At this early stage of the litigation, the prospects for settlement are uncertain. The parties have exchanged initial pleadings and are in the process of defining the factual and legal issues, but no substantive settlement discussions have occurred to date. The parties agree that meaningful settlement evaluation will be more feasible after initial disclosures, key document production, and preliminary discovery have been completed.

(g) Mediation: By January 29, 2027.

(h) Motions in Limine: Motions in limine must be filed no sooner than fifteen (15) days and no later than ten (10) days prior to the date certain set for jury selection and trial.

(i) Pretrial Disclosures: No later than twenty-eight (28) days prior to jury selection, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures, including witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists.

(j) Within fourteen (14) days after the parties exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

(k) This case is subject to being called for jury selection and/or trial on or after **February 22, 2027**. Estimated 2 weeks for trial.

Date: December 5, 2025

*/s/ Ryan L. Beaver*

Ryan L. Beaver [N.C. State Bar No. 35156]
Ethan J. Sanders [N.C. State Bar No. 61685]
Bradley Arant Boult Cummings LLP
214 N. Tryon St., Suite 3700
Charlotte, North Carolina 28202
(704) 338-6000 – Telephone
(704) 332-8858 – Facsimile
rebeaver@bradley.com
esanders@bradley.com

*Counsel for Plaintiff/Counterclaim Defendant Ameresco, Inc.*

*/s/ David M. Adelstein*
David M. Adelstein
Fla. Bar No. 647314
Kirwin Norris, P.A.
1 West Las Olas Blvd., Ste 500
Fort Lauderdale, FL 33301
(407) 740-6600
dma@kirwinnorris.com

*Counsel for Defendant/Counterclaim Plaintiff Good Air, Inc.*

*/s/ David A. Harris*
David A. Harris
N.C. State Bar No.: 52712
Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2680
Tel. (770) 391-9100 / Fax (770) 668-0878
dah@boviskyle.com

*Local Civil Rule 83.1(d) Attorney for Good Air, Inc. and Counsel for Defendant United Fire & Casualty Company*

*/s/ Richard L. Glenn, III*
Richard L. Glenn, III
N.C. State Bar No. 55823
Bovis, Kyle, Burch, & Medlin, LLC
806 Green Valley Road, Suite 203
Greensboro, NC 27408
Tel. (336) 907-3265 / Fax. (336) 907-4178
rglenn@boviskyle.com

*Counsel for United Fire & Casualty Company*